NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1245

COMMONWEALTH

vs.

STEVEN MARTINEZ-SANTANA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A jury convicted the defendant of assault with intent to rob while armed with a firearm, assault and battery with a dangerous weapon causing serious bodily injury, attempted armed robbery while masked, and unlicensed possession of a firearm.[1] On appeal, the defendant argues that the judge erred by denying his motions for required finding of not guilty because the Commonwealth failed to present evidence that sufficiently

---

[1] The Commonwealth entered a nolle prosequi on a fifth charge (possession of a firearm while committing or attempting to commit a felony).

1

corroborated the testimony of the Commonwealth's immunized witness as required by G. L. c. 233, § 20I.[2]  We affirm.

1.  Background.  We summarize the evidence presented to the jury in the light most favorable to the Commonwealth. Commonwealth v. Fernandes, 425 Mass. 357, 358 (1997).

a.  Evidence independent from immunized witness's testimony.  On February 13, 2020, two masked individuals entered the store at a Sunoco gas station in Dedham.  The taller of the two individuals brandished a gun and demanded money from an employee named Kadhum Al-Majedi.  When Al-Majedi resisted by pushing the gun away from him, the taller masked individual shot him in the leg.  The shooting occurred at approximately 10:40 P.M.  The two masked individuals then fled the store. This series of events between the two masked individuals and Al-Majedi was captured on the store's surveillance cameras.

About five minutes after the masked individuals left the store, a customer found Al-Majedi lying on the floor and called the police.  Dedham police Officer Steven Feeley responded to the scene and immediately provided medical assistance to Al-Majedi.  Feeley removed a bullet fragment from the wound in Al-Majedi's leg before compressing the wound.  Medics then arrived

---

[2] The defendant moved for required findings of not guilty at the close of the Commonwealth's case and again at the close of the evidence.

2

and transported Al-Majedi to the hospital.  Police also recovered a spent shell casing on the floor of the store.

During the investigation, detectives reviewed cell phone tower data and call records and determined that a cell phone subscribed to the defendant's mother was used to place a call to a cell phone subscribed to Wesley Isenia at 10:42 P.M. on February 13, 2020.  The call transmitted through an antenna approximately six-tenths of a mile from the Sunoco station.

b.  Testimony of immunized witness.  Wesley Isenia testified at trial under a grant of immunity.  The substance of Isenia's testimony was as follows.  Isenia accompanied the defendant, with whom he was "good friends," and Franklin Dume to the Sunoco station on the night of February 13, 2020.  Upon arriving at the station, Isenia entered alone and purchased a beverage.  When Isenia returned to the car, the defendant drove approximately 1,000 feet away from the Sunoco and parked.  The defendant and Dume then exited the vehicle and told Isenia, "We'll be back."  Shortly thereafter, Isenia received a phone call from the defendant wherein the defendant told Isenia to start the car.  Once the defendant and Dume got back in the car, the defendant told Isenia that he had just shot someone.

Isenia identified himself as the individual depicted on the surveillance video footage who entered the store and purchased a drink approximately fifteen minutes before the two masked

3

individuals entered the store.  Isenia then reviewed video footage that depicted two masked individuals and identified the defendant to be the taller individual who was pointing a gun at Al-Majedi.  Isenia identified Dume as the other masked individual.  The Commonwealth presented evidence that the defendant was six feet, one inch tall, while Dume stood five feet, five inches tall.

2.  Discussion.  On appeal, the defendant contends that the judge erred in denying his motions for a required finding of not guilty because the testimony of an immunized witness, Isenia, was not sufficiently corroborated as required by G. L. c. 233, § 20I.  We are not persuaded.

General Laws c. 233, § 20I, provides:  "No defendant in any criminal proceeding shall be convicted solely on the testimony of, or the evidence produced by, a person granted immunity under the provisions of section twenty E."  The Supreme Judicial Court has interpreted § 20I to "require that there be some evidence in support of the testimony of an immunized witness on at least one element of proof essential to convict the defendant." Commonwealth v. DeBrosky, 363 Mass. 718, 730 (1973).  "Thus evidence corroborating an accomplice's testimony concerning the commission of the crime would be sufficient under the statute, even if there were no other evidence connecting a defendant to the crime."  Id.

4

Following DeBrosky, the Supreme Judicial Court has repeatedly reaffirmed that § 20I does not require evidence independent from an immunized witness's testimony of the defendant's participation in the crime. See, e.g., Commonwealth v. Resende, 476 Mass. 141, 152 (2017) (Commonwealth's evidence in support of immunized witness's testimony "need not connect the defendant to the crime, but must support at least one element of the crime"); Commonwealth v. Fernandes, 425 Mass. 357, 359 (1997) (court declined to modify DeBrosky holding by "requir[ing] some proof of the defendant's actual participation in the crime to corroborate the testimony of an immunized witness" under 20I).

Here, the Commonwealth presented abundant evidence independent of Isenia's testimony to prove the commission of the crimes. Specifically, Isenia's testimony was corroborated by the video recording of the two masked individuals confronting the victim, the victim's testimony of the attempted robbery and shooting, the ballistic evidence, and the hospital records detailing the victim's injuries. See Resende, 476 Mass. at 152; Commonwealth v. Turner, 371 Mass. 803, 812-813 (1977) (store clerk's testimony, ballistic evidence, and nature of victim's wounds corroborated immunized witnesses' accounts of crimes).

Furthermore, although the corroborating evidence need not connect the defendant to the crime, see DeBrosky, 363 Mass. at

5

730, the evidence did so here.  The police testimony, surveillance video footage, and victim's testimony regarding the respective heights of the masked individuals corroborated Isenia's testimony that the defendant and Dume were the two masked individuals who attempted to rob the victim before shooting him.  See DeBrosky, 363 Mass. at 728 (nonimmunized witnesses' testimony concerning size of defendant corroborated immunized witness's identification of defendant).  See also Turner, 371 Mass. at 812 (witness's testimony concerning defendant's height corroborated immunized witnesses' identification of defendant).

Additionally, the records showing the timing and location of a cell phone call placed from a phone registered to the defendant's mother to a phone registered to Isenia corroborated Isenia's testimony that the defendant called him after leaving the Sunoco station.  See Commonwealth v. Scanlon, 373 Mass. 11, 20 (1977) (nonimmunized witnesses' testimony that victim received telephone call corroborated immunized witness' testimony that defendant made call to victim).

Thus, we find the Commonwealth presented sufficient corroborating evidence to meet the requirements under G. L. c. 233, § 20I, and, therefore, the trial court did not err by

denying the defendant's motions for required finding of not guilty.

Judgments affirmed.

By the Court (Vuono, Rubin & Smyth, JJ.[3]),

Clerk

Entered:  October 17, 2024.

---

[3] The panelists are listed in order of seniority.